UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD NACAJ, individually and on behalf of others similarly situated,

    Plaintiff,

-against-

SOLIL MANAGEMENT, LLC, LIGHTHOUSE PROPERTIES, LLC, and DELMAR REALTY CO., INC.,

    Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

Plaintiff LEONARD NACAJ, individually and on behalf of others similarly situated individually and on behalf of others similarly situated by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants SOLIL MANAGEMENT, LLC ("Solil"), LIGHTHOUSE PROPERTIES, LLC ("Lighthouse"), and DELMAR REALTY CO., INC. ("Delmar") (collectively, the "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Defendant Solil is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 1185 Sixth Avenue, New York, NY 10036.

4. Defendant Lighthouse is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 1185 Sixth Avenue, New York, NY 10036.

5. Defendant Delmar is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1185 Sixth Avenue, New York, NY 10036.

6. At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

9. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

10. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

12. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

### *The Defendants and Plaintiff's Employment*

13. Upon information and belief, Defendants manage hundreds of residential buildings in New York City.

14. Defendants all operate out of a central location at 1185 Sixth Avenue, New York, NY 10036.

15. Upon information and belief, Defendants are managed and/or owned by the same individuals, have centralized labor practices, including pay practices, and share employees and equipment.

16. Defendants hired employees to work in various positions including building superintendents, porters, and employees in other similar positions.

17. Plaintiff worked for Defendants as a building superintendent.

18. Each Defendant paid Plaintiff.

19. Defendant Solis provided to Plaintiff a document titled "Employee Rules and Policies" that it required Plaintiff to follow.

20. Defendant Lighthouse terminated Plaintiff's employment.

### **NATURE OF THE ACTION**

21. Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) himself and other similarly

situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 137 *et seq.*, based upon the following acts and/or omissions:

   i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff when he worked in excess of forty (40) hours per week; and

   ii. Defendants' failure to provide Plaintiff with a wage notice or proper paystubs as required by NYLL § 195.

22. Plaintiff also brings a breach of contract claim against Defendants for failure to compensate him at an agreed-upon amount for renovation work he performed.

## FACT ALLEGATIONS

23. At all times relevant hereto, Defendants have committed the following acts and/or omissions with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

24. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff's Schedule and Pay*

25. Defendants employed Plaintiff as a building superintendent from February 22, 2016 until February 14, 2017.

26. Plaintiff superintended three buildings in the Upper East Side neighborhood of Manhattan located at:

   a. 1427 York Avenue;

   b. 1405 Second Avenue; and

      c.  224 East 70th Street.

27.    Plaintiff was responsible to maintain 65 units without any assistance.

28.    Plaintiff was responsible for the upkeep of each building, which included, but was not limited to, performing various tasks including maintaining the sidewalks in front of the buildings, cleaning the lobbies, taking out garbage, cleaning and mopping the floors and stairwells, maintaining the boilers and washing machines, and cleaning the doors and exterior windows.

29.    In this capacity, Plaintiff worked 7 days a week.

30.    From Monday through Friday, Plaintiff began work at 8:00 a.m. and then worked until 5:00 p.m. or as late as 7:00 p.m. if he had to take out the garbage from any of the buildings or open the door for real estate brokers, which he also sometimes had to do before 8:00 a.m.

31.    On Saturday and Sunday, Plaintiff also began work at 8:00 a.m. and typically worked 3 or 4 hours a day.

32.    Aside from this work, Plaintiff regularly responded to tenant complaints and performed repairs outside of his standard work hours.

33.    For this work, Defendants paid Plaintiff weekly a set salary of $550.

34.    Defendants failed to pay Plaintiff any additional pay for his extensive overtime hours.

***Breach of Contract***

35.    Separate from his regular work, Plaintiff also entered in an oral agreement with Defendants to perform renovation work on vacated apartments.

36. Defendants agreed to pay Plaintiff separately from his regular salary for this work.

37. Plaintiff performed the apartment renovations as agreed.

38. Defendants, however, failed to pay Plaintiff for all of the work he performed.

39. As a result of their failure to make payments, Defendants breached their contract with Plaintiff, and therefore owe him additional payments for the extra work he performed.

### *Defendants' Violations of NYLL § 195*

40. Defendants have failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

41. Defendants did not at any time provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of his regular pay day.

42. Defendants also failed to provide Plaintiff with proper wage statements stating, among other things, the number of overtime hours he worked or his hourly rate for overtime hours.

### **COLLECTIVE ACTION ALLEGATIONS**

43. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to not pay their employees for the hours they worked in excess of 40.

44. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants.

45. The consent to sue forms for the Plaintiff is attached hereto as **Exhibit 1**.

46. Upon information and belief, there are at least 100 current and former building superintendents who have been denied proper overtime wage compensation while working for Defendants.

47. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the other employees.

**CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL**

48. Plaintiff bring this action on behalf of himself and all other persons who were or are employed by the Defendants as current and former building superintendents and other workers performing similar tasks and duties but who did not receive proper overtime pay or proper wage notices and/or wage statements in respect to their work for the Defendants.

49. Upon information and belief, this class of persons consists of not less than 100 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

50. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of

Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

51. The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

52. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

53. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

54. Plaintiff brings the second and third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

### FIRST CLAIM FOR RELIEF
#### (FLSA Overtime Wage Violations)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

57. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess

8

of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

58.   Plaintiff and others similar situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

59.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.   New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

61.   Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

62.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify as to Plaintiff)

63.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

65. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiff and others similarly situated a wage statement containing, *inter alia*, a record of each hour worked and the employee's rate of pay.

66. Defendants failed to provide Plaintiff and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

67. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(Breach of Contract by Plaintiff against Defendants)**

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants entered into an oral contract with Plaintiff to perform work as described above.

70. Defendants agreed to pay Plaintiff specific payments for each renovation project he performed.

71. Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required under his oral employment contract with Defendants and in doing so,

complied with the terms of their employment contract with Defendants and was therefore entitled to wages he rightfully earned while working for Defendants.

72. Defendants failed to pay Plaintiff for each renovation project he performed.

73. That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement with Defendants, less amounts actually paid to Plaintiff together, with an award of interest, costs, disbursements, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Punitive Damages;

E. Plaintiff's costs and reasonable attorneys' fees; and

F. Any relief the Court deems just and proper.

Dated: April 28, 2017
New York, New York

Respectfully submitted,

Michael Taubenfeld (MT-4640)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by SOLIL MANAGEMENT, LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_Leonard Nacaj_
NAME

_/s/_
SIGNATURE

4-26-17
DATE