```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LEONARD NACAJ, individually
and on behalf of others
similarly situated,

                Plaintiff,            New York, N.Y.

           v.                         17 Civ. 3156(RMB)(AJP)

SOLIL MANAGEMENT LLC, et al.,

                Defendants.

------------------------------x

                                      September 20, 2017
                                      11:30 a.m.
Before:

                  HON. ANDREW J. PECK,

                                      Magistrate Judge


                       APPEARANCES


FISHER TAUBENFELD LLP
     Attorneys for Plaintiff
BY:  MICHAEL TAUBENFELD


ANSELL, GRIMM & AARON, P.C.
     Attorneys for Defendants
BY:  JOSHUA S. BAUCHNER



ALSO PRESENT:

LEONARD NACAJ
LOUISA LITTLE
```

h9k2nacC

1      THE COURT:  We are on the record in the case of
2 Leonard Nacaj v. Solil Management LLC, *et al.*, 17 Civ. 3156, to
3 record the agreement the parties have just reached with the
4 court's assistance.
5      I ask counsel and clients to pay careful attention.
6 Stop me with the universal timeout signal if there is anything
7 I have gotten wrong or that needs to be clarified or corrected,
8 and at the end I will be asking counsel and clients to confirm
9 that that is the settlement that they have reached.
10      After that, assuming everybody says yes, that that is
11 the settlement, we will then immediately go into the *Cheeks*
12 approval hearing process, so that this will be done and you
13 don't need extra paperwork, etc.
14      MR. BAUCHNER:  Thank you.
15      THE COURT:  The parties have agreed to amicably
16 resolve this case without any admission of fault or liability
17 by either the defendants or the plaintiff in connection with
18 the counterclaims on the following terms:
19      Defendants will pay the sum of $9,999.99 to Mr. Nacaj
20 and his counsel in complete satisfaction of all claims in this
21 lawsuit, including for attorney's fees.  The division as
22 between Mr. Nacaj and his counsel, which is both relevant to
23 the checks to be cut by the defendant and will be relevant to
24 the *Cheeks* approval process, is that counsel will get $1,000 in
25 fees, and up to $5,000 in reimbursement for expenses for the

1  filing fee and deposition costs and any other similar expenses
2  that are allowed, and the balance will go to Mr. Nacaj.
3           Mr. Taubenfeld will go back to his office, figure out
4  the total of the costs, and informed Mr. Bauchner of the total
5  going to the Taubenfeld firm, which will be on one 1099, and
6  the balance going to Mr. Nacaj, which will be on a 1099 to him.
7  He obviously, as will the Taubenfeld firm, be liable for income
8  taxes on the amount received and any other appropriate taxes.
9           The parties further agree to mutual nondisparagement,
10 meaning neither side will go around saying negative things
11 about the other.
12          The parties further agree to mutual general releases
13 in the standard Blumberg form, which means release any and all
14 claims, whether brought in this lawsuit or not, that could have
15 been brought, in the immortal words of the form, from the
16 beginning of the date of the world to the date of this
17 settlement agreement and release.
18          The release also releases and the settlement agreement
19 also releases any claims under Rule 11 against Mr. Nacaj or the
20 Taubenfeld firm or Mr. Taubenfeld personally or any other
21 lawsuit that could be brought by the defendants against
22 Mr. Taubenfeld and his firm for his actions in connection with
23 this now settled lawsuit.
24          The parties further agree that the case is and will be
25 dismissed with prejudice and without costs and that I can enter

h9k2nacC

1   the dismissal order and conduct the *Cheeks* approval hearing
2   pursuant to 28 United States Code § 636(c), meaning I will be
3   acting with the full authority of the district court.
4          How soon can the checks be cut?  30 days?
5          MR. BAUCHNER:  Yes, your Honor.
6          THE COURT:  So the checks will be cut and delivered to
7   Mr. Taubenfeld's firm within 30 days of today.  One check will
8   be made out to the Taubenfeld firm and the other will be
9   straight to Mr. Nacaj, but delivered to the Taubenfeld firm for
10  delivery on to Mr. Nacaj.
11         I believe that has covered everything we talked about.
12  Is there anything else, Mr. Taubenfeld?
13         MR. TAUBENFELD:  Two things.
14         In terms of the release, I just want to make sure that
15  the release will cover both me personally as well as my firm,
16  because defendants have suggested that they might be filing a
17  lawsuit against me.
18         THE COURT:  That's what I said.
19         MR. TAUBENFELD:  I just want to make sure in terms of
20  malicious prosecution claim.
21         The other thing, typically, especially in this mutual
22  nondisparagement clause, we ask for a mutual reference letter
23  just stating dates of employment and position.
24         THE COURT:  Any problem with that?
25         MR. BAUCHNER:  Just let me consult.

```
    h9k2nacC
1              (Pause)
2              MR. BAUCHNER:  No problem, your Honor.
3              THE COURT:  The request for that should be directed to
4   Ms. Little or someone else?
5              MR. BAUCHNER:  Yes, your Honor.
6              MS. LITTLE:  Yes.
7              THE COURT:  Ms. Little.  All right.
8              Anything else, Mr. Taubenfeld.
9              MR. TAUBENFELD:  Nothing on our end.
10             THE COURT:  Mr. Bauchner, anything else?
11             MR. BAUCHNER:  We would ask, since plaintiffs have
12  some of the concerns regarding the language, that they provide
13  the settlement document and --
14             THE COURT:  Well, there isn't going to be any
15  settlement document other than the release --
16             MR. BAUCHNER:  Fair enough.
17             THE COURT:  -- which will be a Blumberg with whatever
18  additions or modifications you both come up with; but, if all
19  else fails, it will just be the printed Blumberg form without
20  change.
21             MR. BAUCHNER:  Excellent.  Thank you.
22             THE COURT:  Mr. Taubenfeld, you should prepare that.
23             In addition, you need to provide your firm's tax ID
24  number for the purpose of that 1099.
25             MR. TAUBENFELD:  We will send them the W-9.
```

1    THE COURT:  I assume you have Mr. Nacaj's --
2    MR. BAUCHNER:  Social Security.
3    THE COURT:  -- Social Security number.
4    MR. BAUCHNER:  Yes, your Honor.
5    THE COURT:  Now we go through the so-called marriage
6 ceremony.
7    Mr. Taubenfeld, as counsel of record for Mr. Nacaj,
8 and subject to his assent that I will ask for in a moment, do
9 you agree to the terms of the settlement?
10   MR. TAUBENFELD:  We do, your Honor.
11   THE COURT:  Mr. Nacaj, do you understand that, out of
12 the amount, you have reached an agreement with your attorney as
13 to how much he will get in fees and reimbursement for costs, so
14 that you will be receiving somewhere in the neighborhood of
15 $5,000, perhaps a little more.  You understand that, right?
16   MR. NACAJ:  Yes.
17   THE COURT:  Do you agree to the terms of settlement as
18 you have heard me describe it?
19   MR. NACAJ:  Yes.
20   THE COURT:  Thank you.
21   Mr. Bauchner, subject to your client's assent that I
22 will ask for next, do you agree to the terms of the settlement?
23   MR. BAUCHNER:  Yes, your Honor.
24   THE COURT:  Ms. Little, can you state your position
25 with one or more of the defendants.

1          MS. LITTLE:  Vice president and manager.
2          THE COURT:  And are you authorized on behalf of all of
3   the defendants to enter into this settlement?
4          MS. LITTLE:  I am.
5          THE COURT:  And do you agree to the terms of the
6   settlement?
7          MS. LITTLE:  I do.
8          THE COURT:  All right.  Very good.  Thank you.  You
9   may be seated.
10          All parties have now agreed to the terms of the
11   settlement.
12          Now let us go through the *Cheeks* v. *Freeport Pancake*
13   *House*, which is the operative Second Circuit case analysis of
14   the settlement and why it is fair and reasonable to the
15   plaintiff.
16          Mr. Taubenfeld, without going into huge detail, would
17   you state briefly why you believe that the settlement is fair.
18          MR. TAUBENFELD:  Essentially, again, I guess without
19   going into too much detail, number one, there are counterclaims
20   that we recognize could create problems for Mr. Nacaj, and
21   ultimately it's a liability at the end of the case.
22          In terms of his overtime and other claims, because of
23   the nature of his position as a building superintendent, he
24   doesn't have what other plaintiffs in FLSA cases may have,
25   which is clear and obvious witnesses, coworkers that worked him

1   and worked the same hours.  So Mr. Nacaj's claims would rely

2   entirely on his own testimony, which is inherently risky.

3          We also acknowledge to some degree that Mr. Nacaj --

4   his English is very good, but he would be testifying under oath

5   through an interpreter.  That creates all types of problems,

6   especially at a jury trial.

7          So given all of these considerations, we believe that

8   the number is fair and reasonable.

9          THE COURT:  All right.

10         Mr. Bauchner, anything you would like to add in that

11  connection?

12         MR. BAUCHNER:  No, your Honor.  Thank you.

13         THE COURT:  All right.  The court supervised the

14  settlement talks this morning, and obviously they were arm's

15  length and took a while to get the parties to the settlement,

16  so that's one mark that it was fair.

17         Secondly, the amount of wages claimed in Mr. Nacaj's

18  best-case scenario is in the neighborhood of $36 or $37,000.

19  There were issues as to how many hours he worked, did he work

20  overtime during the off-the-record discussions.  The defendants

21  indicated that they had certain GPS information showing that

22  during the 8 a.m. to 5 p.m. period that Mr. Nacaj was supposed

23  to be at the buildings he was superintending that he was

24  elsewhere, whether that is enough, because it was for a limited

25  time period, how a jury would react to all of that, but that

1   was certainly a factor.  And since a superintendent is largely
2   their own boss in a building, you know, how Mr. Nacaj spent his
3   time, even though it was technically 8 to 5, you know, would
4   have raised an issue before the jury as to whether, when he
5   took garbage out on weekends or the like, that was overtime, or
6   if it was merely the way the job got done and that he didn't
7   work the full 8 to 5 during the week to make up for that.

8   In addition, there were serious issues on the
9   counterclaims with respect to Mr. Nacaj's overstaying in the
10  apartment that he was given only as a condition of being the
11  super and when that job ended, the apartment ended, but
12  nevertheless Mr. Nacaj remained in it.

13  Finally, there are serious questions under at least
14  the New York Labor Law, although this analysis is largely an
15  FLSA analysis under *Cheeks*, but janitors in residential
16  buildings, and "janitor" can encompass a super, are considered
17  exempt employees, so there is a significant likelihood that,
18  putting aside everything else, that Mr. Nacaj could have been
19  found to be exempt at least for the companion New York Labor
20  Law, and how that interacts with the Fair Labor Standards Act
21  is a different question.

22  Nevertheless, for all of these reasons, I find that
23  the settlement was and is fair and reasonable to Mr. Nacaj, and
24  I therefore, under *Cheeks*, approve the settlement.  You will be
25  getting today or Monday an order of dismissal and approval

h9k2nacC

1  under *Cheeks* via ECF.
2       I will direct both sides to split the cost of the
3  transcript and make your arrangements to buy it from the court
4  reporter.  Under operative Second Circuit case law and under
5  *Cheeks*, the fact of the settlement and the settlement agreement
6  have to be public, and you are purchasing the transcript which
7  gets it on the court file and complies with that aspect of
8  *Cheeks*.
9       With that, thank you all, lawyers and clients, for
10 your cooperation, and we are adjourned.  And for those it
11 applies to, Happy New Year.
12      MR. BAUCHNER:  Thank you, your Honor.  You, as well.
13      MS. LITTLE:  Thank you, and again I'm sorry.
14      THE COURT:  Okay.
15      MR. TAUBENFELD:  Thank you, your Honor.
16                              oOo
17
18
19
20
21
22
23
24
25